IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

ARNOLD MATTHEW DAVIS,  *
      Plaintiff
                            *

   v.                            CIVIL ACTION NO. JKB-15-1112
                            *

UNION MEMORIAL IMAGING, et al.,  *
      Defendant
                            ******

## **MEMORANDUM**

Plaintiff Arnold Matthew Davis, who is self-represented, has filed a civil rights case against Union Memorial Imaging and Andrew Robert Tyser, M.D., a hand surgeon, pursuant to 42 U.S.C. § 1983. ECF 1. Plaintiff appears to be indigent and his motion for leave to proceed in forma pauperis shall be granted. *See* ECF 2. Upon review of the complaint, however, it shall be dismissed under the provisions of 28 U.S.C. § 1915(e). *See Neitzke v. Williams*, 490 U.S. 319 (1989); *see also Denton v. Hernandez*, 504 U.S. 25 (1992); *Cochran v. Morris*, 73 F.3d 1310 (4th Cir. 1996); *Nasim v. Warden*, 64 F.3d 951 (4th Cir. 1995).

Plaintiff alleges that defendants, private medical providers, were negligent in handling his medical care and were deliberately indifferent to his medical needs. ECF 1. He indicates that after Dr. Tyser operated on plaintiff's hand he was to return for follow-up care but defendants cancelled the appointments requiring plaintiff to remove the cast, dressing, and stitches himself. *Id.,* p. 4. He further alleges that Dr. Tyser performed medical procedures outside the scope of what plaintiff consented to. *Id*., p. 5. He seeks compensatory and punitive damages. *Id*., p. 9.

To state a claim under § 1983, two elements are essential: (1) that plaintiff suffered a deprivation of "rights, privileges or immunities secured by the Constitution and laws" of the

United States; and (2) the act or omission causing the deprivation was committed by a person acting under color of law. *West v. Atkins*, 487 U.S. 42, 48 (1988). Private medical providers are not state actors and plaintiff's complaint alleging medical malpractice cannot proceed against the named defendants as a civil rights action. He is free to pursue whatever state court remedies may be available to him for the alleged negligent conduct of defendants.

A separate Order shall be entered reflecting the ruling set forth herein.


<u>May 5, 2015</u>           _____/s/_____
Date                James K. Bredar
                  United States District Judge